**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

| | |
|---|---|
| KELLEY STRATTON,<br><br>        Plaintiff,<br><br>v.<br><br>NORTHERN SERVICE BUREAU, INC.,<br><br>        Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:22-cv-00112<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes KELLEY STRATTON ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of NORTHERN SERVICE BUREAU, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Michigan and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Michigan.

### PARTIES

4.   Plaintiff is a natural person over 18 years-of-age residing in Marquette County, Michigan, which is located within the Western District of Michigan.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is a third party debt collector. Defendant is a corporation organized under the laws of the state of Michigan and its principal place of business located at 111 N. 9th St., Escanaba, Michigan 49829. Defendant regularly collects upon consumers located in the state of Michigan.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9.   The instant action arises out of the nature of Defendant's attempts to collect upon a consumer debt ("subject debt") that Plaintiff purportedly owes.

10. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

11. On or about April 21, 2022, Defendant mailed or caused to be mailed to Plaintiff a collection letter ("Collection Letter") via U.S. Mail in an attempt to collect upon the subject debt from Plaintiff.

12. The Collection Letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

13. As the initial written communication Plaintiff received from Defendant in connection with the subject debt, the Collection Letter was required to contain certain information about the subject debt, including the "name of the creditor to whom the [subject debt] is owed." *See* 15 U.S.C. § 1692g(a)(2).

14. Defendant's Collection Letter fails to clearly indicate the creditor to whom the subject debt is owed.

15. Defendant's Collection Letter also fails to clarify whether the creditor is Defendant's client.

16. By failing to identify the creditor to whom the subject debt was owed, Plaintiff was confused about to whom the subject debt was owed and whether the subject debt was legitimate.

17. Moreover, throughout its collection campaign, Defendant has not complied with 15 U.S.C. § 1692g.

18. Defendant's collection letter was misleading and confusing to Plaintiff as it left Plaintiff guessing as to whether the subject debt was owed to Defendant or whether it was merely being collected on by Defendant – confusion which is exacerbated by the Collection Letter's direction that payments be made to Defendant.

19. Plaintiff's ability to go about intelligently addressing the subject debt was materially impeded by Defendant's Collection Letter given the letter's failure to provide substantive information designed to provide Plaintiff with sufficient information to go about addressing the debt serving as the basis of Defendant's collection efforts.

20. Defendant's failure, in addition to confusing and misleading Plaintiff, similarly leaves the least-sophisticated consumer in doubt about to whom an alleged debt is owed and if Defendant's collection efforts are legitimate.

21. Defendant's Collection Letter further deprived Plaintiff of truthful, non-misleading information in connection with Defendant's collection efforts.

22. Defendant's failure to comply with the FDCPA posed a substantial risk of harm to Plaintiff's concrete interests under the statute, as Defendant's failure to clearly identify the creditor to whom a debt is owed deprived Plaintiff of being able to determine the legitimacy and appropriateness of Defendant's collection efforts – an underlying interest which is at the core of the FDCPA.

23. Letters substantially similar to Defendant's Collection Letter have been found to violate the FDCPA **as a matter of law.** *Steffek v. Client Servs.,* 2020 U.S. App. LEXIS 1759 (7th Cir. 2020).

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and alleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of the FDCPA § 1692e**

4

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its failure to clearly identify the creditor to whom the subject debt was owed in the Collection Letter. Defendant's Collection Letter misled and deceived Plaintiff, and similarly misleads and deceives the least-sophisticated consumer, as to the precise entity said to be owed the debt serving as the basis of Defendant's collection efforts.

**b.  Violations of FDCPA § 1692g(a)(2)**

32. The FDCPA, pursuant to 15 U.S.C. §1692g(a)(2), requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which contains "the name of the creditor to whom the debt is owed."

33. Defendant violated § 1692g(a)(2) through its failure to clearly identify the creditor to whom the subject debt was owed. At no point does the Collection Letter identify who the current creditor is, nor does it indicate whether the creditor is Defendant's client. *See Datiz v. Int'l Recovery Assocs.*, 2018 U.S. Dist. LEXIS 127196 (E.D.N.Y. Jul. 27, 2018).

34. Defendant also violated § 1692g by failing to provide the disclosures mandated by the FDCPA.

5

WHEREFORE, Plaintiff, KELLEY STRATTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

37. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

38. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

### a. Violations of M.C.L. § 339.915(f)(ii)

39. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

6

40. Defendant violated M.C.L. § 339.915(f)(ii) by employing deceptive and unfair means to collect upon a debt.

WHEREFORE, Plaintiff, KELLEY STRATTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1);

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2);

d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2);

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2);

f. Enjoining Defendant from further contacting Plaintiff; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 26, 2022

Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
*Counsel for Plaintiff*
Admitted in the State Bar of Michigan
Admitted in the Western District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Western District of Michigan
Sulaiman Law Group, Ltd.

2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com