UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTHERN MICHIGAN
NORTHERN DIVISION

**KELLEY STRATTON,**

    Plaintiff,

vs                                          File: 2:22-cv-00112-JMB-MV

**NORTHERN SERVICE BUREAU, INC.,**

    Defendant.
_____/

FILED - MQ
August 11, 2022 11:18 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mlc SCANNED BY: /s/ 8/11/22

## DEFENDANT'S ANSWER TO COMPLAINT

**NOW COMES** the Defendant, Northern Service Bureau, Inc., A Michigan Corporation, by and through its authorized representative, and for its answer to Plaintiff's Complaint, states as follows:

1. Does not require a response.

2. Does not require a response.

3. Does not require a response.

4. Does not require a response.

5. Does not require a response.

6. The Defendant admits the allegations found therein.

7. Does not require a response.

8. Does not require a response.

9. Does not require a response.

1

10. The Defendant admits that the subject debt was in default and was assigned to this Defendant for collection purposes.

11. The Defendant admits the allegations therein found.

12. The Defendant denies that the collection letter was the first written communication that Plaintiff received from Defendant in conjunction with the subject debt. As a matter of fact, this Defendant sent a total of nine (9) written notices since May 6, 2019 with regards to the subject debt. The first two written communications detailed exactly where the collection was from. Additional notices were sent reminding the Plaintiff of the amount due. All notices were mailed to the address listed at the time of service that Plaintiff gave to the provider. Subsequent notices were mailed to the address changes as they were discovered. Additionally, the Defendant spoke with the Plaintiff on three (3) separate occasions with regard to this account. Additionally, the Plaintiff admitted that she was aware of the account and what it was for and indicated that she would contact this Defendant to make a payment. This occurred on 5/25/22. Additionally, on 7/12/22 the Plaintiff stated that she had insurance for the account. (See Exhibit 1, pages 1-11.)

13. The Defendant denies the allegations for the reasons as set forth above and, specifically, due to the fact that the Defendant sent a total of nine (9) notices to the Plaintiff with regards to the debt since 5/6/2019. The notices provided information with regards to the debt and the name of the creditor.

14. As indicated in its response to paragraph 12 the first two notices which were sent to the Plaintiff detailed exactly who the creditor was.

15. In response, the first two notices identified that the creditor was the Defendant's client.

16. In response, the Defendant denies that the Plaintiff was confused about to whom the subject debt was owed and whether the subject debt was legitimate. This is the only account that the Defendant was collecting from the Defendant and the notices since 5/6/2019 made it clear as to whom the debt was owed. Additionally, the Plaintiff at any point did not contest the legitimacy of the debt.

17. Paragraph 17 states a legal conclusion and must be stricken. The Defendant has, in fact, complied with all applicable statutes.

18. The Defendant denies that the collection notices were misleading and confusing and further denies the remainder of the allegations in paragraph 18.

2

19. The Defendant denies the allegations found therein for the reasons that they are simply untrue.

20. The Defendant denies that it failed in any respect and denies that its actions were confusing and misleading and denies the allegations for the reasons that they are simply untrue.

21. The Defendant provided nine (9) different collection notices; both the debt and the identity of the creditor were clearly stated.

22. The Defendant denies that it failed to comply with any applicable statutes. Further, Defendant states that the identity of the creditor and the legitimacy of the debt were well-stated and established in its numerous notices and conversations with the Plaintiff.

23. Paragraph 23 states a legal conclusion and must be stricken. Defendant did not violate any applicable statutes.

24. Does not require a response.

25. Does not require a response.

26. The Defendant admits that it is a debt collector.

27. The Defendant admits.

28. Paragraph 28 states a legal conclusion and must be stricken; however, the Defendant denies.

29. Paragraph 29 states a legal conclusion and must be stricken; the Defendant denies that it used any false, deceptive, or misleading representation in connection with the question of the subject debt.

30. Paragraph 30 states a legal conclusion and must be stricken; the Defendant denies that it made any false representations in relation to the subject debt.

31. Paragraph 30 states a legal conclusion and must be stricken; the Defendant clearly established in its nine (9) notices to the Plaintiff the identity of the creditor; the Defendant denies that its notices misled or deceived the Plaintiff and denies the remaining allegations found in paragraph 31 for the reason that they are untrue.

32. The Defendant denies that it failed to identify the creditor to whom the debt is owed for the reasons set forth above.

33. The Defendant denies that it failed to identify the creditor and states that the Plaintiff was well aware of the actual creditor based upon written notices provided and oral communications between the parties.

34. The Defendant denies that it failed to abide by any statutes applicable.

35. Does not require a response.

36. Does not require a response.

37. Does not require a response.

38. Paragraph 38 states a legal conclusion and does not require a response.

39. The Defendant denies a violation of the statute provided.

40. The Defendant denies a violation of the statute so provided.

**WHEREFORE**, the Defendant:

A. Requests reimbursement of its costs and expenses incurred with relation to the defense of this action;

B. Requests that the Court find no cause for action; and/or

C. Requests that the Court order such other and further relief as it deems just and equitable under the circumstances of this cause.

Dated: August 10, 2022

*/s/ Kevin Wendt*
NORTHERN SERVICE BUREAU, INC.
Defendant
By its Authorized Representative
Kevin Wendt

4



100% Recycled fiber
80% Post-Consumer

**Window Envelop**
Use this envelope with shipping doc
or inkjet printer on plain paper.

Visit **ups.com**® or call **1-800-PICK-UPS**® (1-800-742-5877)
to schedule a pickup or find a drop off location near you.

**Domestic Shipments**
- To qualify for the Letter rate, UPS Express Envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express Envelopes containing items other than those listed or weighing more than 8 oz. will be billed by weight.

**International Shipments**
- The UPS Express Envelope may be used only for value. Certain countries consider electronic medi ups.com/importexport to verify if your shipment
- To qualify for the Letter rate, the UPS Express Enve UPS Express Envelopes weighing more than 8 oz.

**Note:** Express Envelopes are not recommended for containing sensitive personal information or breaka or cash equivalent.

```
NORTHERN SERVICE BUREAU          LTR        1 OF 1
111 N 9TH ST
ESCANABA MI 49829

SHIP TO:
    UNITED STATES DISTRICT COURT CLERK
    FOR THE WESTERN DISTRICT OF MI
    202 W. WASHINGTON ST
    330 FEDERAL BUILDING
    MARQUETTE MI 49855


                          MI 498 7-01
```

